ALANSON ROBINSON, RESPONDENT, *v.* GEORGE BRISBANE
AND OTHERS, APPELLANTS.

*Practice — supplemental complaint — Code,* §§ 468, 469, 121 — *Rule* 97.

After judgment of foreclosure, and before sale, the plaintiff died, and his executor assigned the judgment. *Held,* that the assignee was properly allowed to file a supplemental complaint, to carry the judgment into effect.

Under the former equity practice it was allowable to file a bill after a decree had been recovered, but not executed, to carry it into effect after the death of the complainant, and the acquisition of his interest by another person. The same relief may be obtained by means of a supplemental complaint under the Code.

APPEAL from an order allowing a supplemental complaint to be filed. An action of foreclosure was commenced in 1869, and judg-

ment of foreclosure and sale was entered in February, 1870. Before the sale, and in May, 1870, the plaintiff died, and in March, 1872, his executor sold and assigned the judgment to Mary Robinson. The premises were subsequently sold, but the referee did not make or file any report of sale, and in February, 1875, the order appealed from was granted, allowing Mary Robinson to file a supplemental complaint.

*A. N. Wheeler,* for the appellants.

*Aloise Burt,* for the respondent.

DANIELS, J.:

This action was prosecuted for the foreclosure of a mortgage, given by the defendant and his wife to secure the payment to the plaintiff, of the sum of $5,000 and interest, according to the condition of the defendants' bond. On the 2d day of February, 1870, a judgment of foreclosure was recovered, and a referee was appointed to make a sale under it, and convey the mortgaged premises to the purchaser. Before that was done, and on or about the 21st day of May, 1870, the plaintiff departed this life. By his last will, which was afterward properly proved, he appointed two persons as his executors, one of whom qualified and became sole executor. The defendant made three payments to the executor, upon the judgment, in October, 1870, and May, 1871; and on the 13th of March, 1872, the executor assigned and transferred the bond, mortgage and judgment to Mary Robinson, who, in February, 1875, applied for leave to file a supplemental complaint to carry the judgment into effect. That she was allowed to do, and the defendant appealed from the order. In support of the appeal it is now claimed that the order was made without authority, and the case of *Rogers* v. *Adriance* (22 How., 97) is relied upon as supporting that position. It was decided at Special Term by Mr. Justice HOFFMAN, whose decisions, on matters pertaining to the equity practice, are entitled to great consideration and respect. But this case was decided upon the supposition, that the preceding practice had not provided for the contingency then presented, which was in substance the same as that appearing in the present case, and

that the Code had gone no further than the former practice in this respect.

With great deference for the learned justice, he seems to have been in error in both respects; for the former practice did allow a bill to be filed after a decree had been recovered, but not executed, to carry it into effect, after the decease of the complainant and the acquisition of his interest by another person. Such a bill has been stated to be in the nature of a supplemental bill, which would be proper where " it has happened that owing to some neglect of the parties to proceed upon the decree, their rights have become so embarrassed by subsequent events, that no ordinary process of the court upon the first decree will *serve*, and it is therefore necessary to have another decree of the court to ascertain and enforce them. Thus, where a decree was pronounced against a defendant to have a settlement delivered up, and afterwards the complainant died, having made a will, and thereby bequeathed all her estate to trustees to be sold for the payment of her debts and legacies, the creditors and legatees were obliged to file a bill against the devisee of the former defendant to have the benefit of the decree, " in order that the estate might be sold and their debts and legacies paid."

" Sometimes such a bill is exhibited by a person who was not a party, nor claims under a party, to the original decree, but claims in a similar interest. Or it may be brought by or against a person claiming as assignee of a party to the decree." (2 Barb. Ch. Pr. [2d ed.], 86, 87.) And this practice still continues to exist, and was a sufficient authority for the order allowing the supplemental complaint, unless the provisions made upon the subject by the Code of Procedure, and intended to supply its place, have abrogated it. (Code, §§ 468, 469; see also the last of the Supreme Court rules.)

The other case relied upon (*Kissam* v. *Hamilton*, 20 How., 369), was ejectment, in which the party died before the referee made a report, and it was held that the action had abated and could not be revived. The decision made upon that application, practically has no control over the present controversy. The provision made by the Code did not save such a case. But its effect in the present instance must be entirely different, because this action was one

which would survive the decease of either of the parties, and it had also proceeded to final judgment. It did not abate by the decease of the plaintiff, because the Code in terms declared that it should not. Its language was then, as it still is, that "no action shall abate by the death, marriage or other disability of a party, or by any transfer of any interest therein, if the cause of action survive or continue." The cause of action was one which did survive and continue, and it was within the express control of this provision. The section then proceeded to provide that, "in case of the death, marriage or other disability of a party, the court, on motion at any time within one year thereafter or afterward, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest." (Code, § 121.) This provision is exceedingly broad and flexible, apparently including all classes of cases which may be expected to arise. The right to a supplemental complaint has not been restricted to the immediate assignee or personal representative of the deceased party; but it was so far extended as to include his "successor in interest." This provision was not restricted to any particular manner, in which the successor in interest might appear; but it was enacted in broad and comprehensive language, including all parties who succeeded or should succeed to the interests or rights of others by other means than those of representation; and it was expressly made applicable to the interests of a deceased party to an action. The affidavit and the assignment presented with it, showed just such a succession of interest in this case as the Code contemplated. The executor had authority to sell the bond and mortgage and the judgment recovered upon them. They were part of the estate and assets in his hands, and his sale and assignment transferred them to his assignee, in whose favor the order was made from which the defendant has appealed.

Upon the hearing of the motion the defendant presented affidavits tending to impeach the accuracy of the judgment. If that can be done it could not properly be tried on the hearing of the motion. It may be that a supplemental answer can be made sufficient for that purpose; but whether it can or not it is not necessary now to consider or decide.

The delay in making the motion did not, as a matter of course,.

entitle the defendant to its denial. That was a circumstance bearing upon the good faith of the application, and it should not alone have the effect of defeating the assignee in her efforts to enforce the judgment, unless some additional reason could be shown justifying that result. Her laches were not so long continued, as necessarily to produce a forfeiture of her rights. The judgment seemed to be a valid one, recovered after a full opportunity for hearing and determining the defendant's defense, and a reasonable exercise of discretion over the case required that she should be allowed to prosecute the usual remedy to enforce and collect it. A denial of it would have left her the owner of a valid judgment as far as the facts before the court affected it, without any existing remedy to carry it into effect, which would have been a reproach that the laws cannot be justly charged with. The order was right, and it should be affirmed with ten dollars costs and the disbursements on appeal.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.